IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

UNITED STATES OF AMERICA,     )
    Plaintiff,          )
                )
    vs.                 ) CRIMINAL CASE NO. CCB-16-0267
                )
DANTE BAILEY, et al.,          )
    Defendants.          )
_____)

Monday, March 18, 2019
Courtroom 1A
Baltimore, Maryland


BEFORE:  THE HONORABLE CATHERINE C. BLAKE, JUDGE


ARRAIGNMENTS ON SECOND SUPERSEDING INDICTMENT

JURY VOIR DIRE - SEALED

For the Plaintiff:

Christina Hoffman, Esquire
Lauren Perry, Esquire
Assistant United States Attorneys

For the Defendant Dante Bailey:

Paul Enzinna, Esquire
Teresa Whalen, Esquire

_____

Reported by:

Douglas J. Zweizig, RDR, CRR, FCRR
Federal Official Court Reporter
101 W. Lombard Street, 4th Floor
Baltimore, Maryland  21201

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

- *SEALED* -

For the Defendant Randy Banks:

Brian Sardelli, Esquire


For the Defendant Corloyd Anderson:

Elita Amato, Esquire


For the Defendant Jamal Lockley:

Harry Trainor, Esquire


For the Defendant Shakeen Davis:

Paul Hazlehurst, Esquire


For the Defendant Sydni Frazier:

Christopher Davis, Esquire

P R O C E E D I N G S

(10:57 a.m.)

THE COURT:  Good morning, everyone.  You can be seated, please.

THE CLERK:  The matter now pending before this court is Criminal Docket No. CCB-16-0267, United States of America versus Dante Bailey, et al.

This matter now comes before the Court for the purpose of a hearing before the start of trial.

THE COURT:  All right.  Good morning again.  Actually, I think our first order of business is to take arraignments on the second superseding indictment.

So if you'd like to proceed, Ms. Moyé.

THE CLERK:  Mr. Bailey, I'll begin with you.

Please state your full name for the record.

DEFENDANT BAILEY:  Dante Bailey.

THE CLERK:  What is your age?

DEFENDANT BAILEY:  40.

THE CLERK:  What year were you born?

DEFENDANT BAILEY:  1978.

THE CLERK:  Mr. Bailey, how do you wish to plead to Counts 1, 2, 3, 4, 17, and 18 of the second superseding indictment?

DEFENDANT BAILEY:  Not guilty.

THE CLERK:  Thank you.

Mr. Banks, please state your full name for the record.

**DEFENDANT BANKS:**  Randy Banks.

**THE CLERK:**  What is your age?

**DEFENDANT BANKS:**  41.

**THE CLERK:**  What year were you born?

**DEFENDANT BANKS:**  '77.

**THE CLERK:**  Mr. Banks, how do you wish to plead to Counts 1 and 2 of the second superseding indictment?

**DEFENDANT BANKS:**  Not guilty.

**THE CLERK:**  Thank you.

Mr. Lockley, please state your full name for the record.

**DEFENDANT LOCKLEY:**  Jamal Lockley.

**THE CLERK:**  What is your age?

**DEFENDANT LOCKLEY:**  40.

**THE CLERK:**  What year were you born?

**DEFENDANT LOCKLEY:**  1979.

**THE CLERK:**  Mr. Lockley, how do you wish to plead to Counts 1, 2, and 10 of the second superseding indictment?

**DEFENDANT LOCKLEY:**  Not guilty.

**THE CLERK:**  Thank you.

Mr. Anderson, please state your full name for the record.

**DEFENDANT ANDERSON:**  Corloyd Anderson.

**THE CLERK:**  What is your age?

*- SEALED -*

**DEFENDANT ANDERSON:**  36.

**THE CLERK:**  I'm sorry?

**DEFENDANT ANDERSON:**  36.

**THE CLERK:**  What year were you born?

**DEFENDANT ANDERSON:**  1983.

**THE CLERK:**  Mr. Anderson, how do you wish to plead to Counts 1, 2, and 24 --

**DEFENDANT ANDERSON:**  Not guilty.

**THE CLERK:**  -- of the second superseding indictment?

**DEFENDANT ANDERSON:**  Not guilty.

**THE CLERK:**  Thank you.

Mr. Davis, please state your full name for the record.

**DEFENDANT DAVIS:**  Shakeen Davis.

**THE CLERK:**  What is your age?

**DEFENDANT DAVIS:**  24.

**THE CLERK:**  What year were you born?

**DEFENDANT DAVIS:**  1994.

**THE CLERK:**  Mr. Davis, how did you wish to plead to Counts 1, 2, 16, 30, 31, and 32 of the second superseding indictment?

**DEFENDANT DAVIS:**  Not guilty.

**THE CLERK:**  Thank you.

And Mr. Frazier.

**DEFENDANT FRAZIER:**  Good morning.

**THE CLERK:**  Good morning.

Please state your full name for the record.

**DEFENDANT FRAZIER:**  Sydni Frazier.

**THE CLERK:**  What is your age?

**DEFENDANT FRAZIER:**  25.

**THE CLERK:**  What year were you born?

**DEFENDANT FRAZIER:**  '94.

**THE CLERK:**  Mr. Frazier, how do you wish to plead to Counts 1, 2, 22, and 29 of the second superseding indictment?

**DEFENDANT FRAZIER:**  Not guilty.

**THE CLERK:**  Thank you.

**THE COURT:**  All right.  Thank you.

Just a few preliminary matters.  I did meet with counsel in chambers this morning.  We will be beginning jury selection in a little while.

But I wanted to note, first of all, some preliminary motions to be ruled on.

I have some relatively recent motions for continuance. This is based on the quantity of <u>Jencks</u> material that was disclosed a week ago, March 11th, pursuant to the discovery agreement in this case.

I've reviewed the motion and the Government's response, and this can all be part of the record.  I'm going to deny the motion for continuance.

I think, first of all, it's well understood that there are good reasons, particularly in a trial such as this one,

- *SEALED* -

given the indictment, to be concerned about the safety of at least the civilian people who may be testifying in this case.

So the Government's disclosure a week in advance of the trial is reasonable.

I will point out that that will, as to most of the witnesses, necessarily provide more than one week to prepare because the witnesses will be called gradually over what is to be the course of a six- to eight-week trial.

We have also reached an understanding in chambers as to advanced notice of who is to be testifying on certain conditions, which I think will also alleviate the issue that's raised in these motions for a continuance.

There are also several motions for severance.  I have reviewed those as well.  The case is properly joined under Rule 8.

There are conspiracies charged which are ordinarily -- for all kinds of reasons of both judicial and witness economy, avoiding duplication of evidence, conspiracies are normally to be tried together.  So it's properly joined under Rule 8.

I'm not finding any prejudice under Rule 14.  It may very well be that there is certain evidence of certain defendants as to whom there's a greater quantity of evidence in this case.

Obviously, that's a part of the law of conspiracy and people's role.  It's not what's required.  If there is evidence

that is appropriately specifically admitted as to only one defendant, an appropriate limiting instruction can be requested and will be given.

But at this point I don't see any basis to grant a severance.

Other than that, preliminary to bringing in the jury, I wish to give counsel their opportunity to put on the record what the understanding of plea offers and rejections has been.

We will leave aside Mr. Bailey because there is a pending motion on which I plan to hear oral argument.

But beginning on behalf of Mr. Banks, Mr. Sardelli, what would you like to put on the record, sir?

**MR. SARDELLI:**  Your Honor, there have been two plea offers by the Government.

The first one was when Mr. Curlett was the previous attorney.

It basically was a range of 10, if memory serves, to 19 and a half.  That was when the previous attorney, Mr. Curlett, was on the case.

When I came on the case, the Government improved that offer to a 10-to-15 range, both to the RICO and the conspiracy charge, Your Honor, with a range of 10 to 15.  Mr. Banks declined that.

Recently we counteroffered with a straight 11, a (C) plea, Your Honor.  That was declined by the Government.

And that's where we currently stand, Your Honor.

**THE COURT:**  All right.  First question:  Does the Government wish to add anything to that?

**MS. HOFFMAN:**  No, Your Honor.

**THE COURT:**  Okay.  Mr. Banks, what Mr. Sardelli has just said, is that correct?

**DEFENDANT BANKS:**  Yes, ma'am.

**THE COURT:**  All right.  Thank you.

Mr. Trainor, as to Mr. Lockley?

**MR. TRAINOR:**  Yes.  Harry Trainor on behalf of Jamal Lockley.

In Mr. Lockley's case, there were two formal offers made by plea letter dated March 30th, 2017.

There's an 11-page plea offer that was discussed and reviewed with Mr. Lockley and rejected.  All the terms of that agreement are contained in the written offer.

And, again, on August 13th, 2018, there was another letter of 13 pages that was reviewed with Mr. Lockley.  It's a different -- the terms are different, but Mr. Lockley decided to reject that agreement as well.  He rejected both offers.

**THE COURT:**  All right.  And you have the two formal written offers if you wish to make them part of the record under seal rather than going through the entire --

**MR. TRAINOR:**  I'd be happy to do that.

**THE COURT:**  -- offer.

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

**MR. TRAINOR:**  I have them both with me.  I suppose I should file a separate motion and do it that way.

**THE COURT:**  Okay.

Does the Government want to say anything regarding offers to Mr. Lockley?

**MS. HOFFMAN:**  No, Your Honor.

And we have no objection to them being filed under seal.

**THE COURT:**  Okay.  And I'm gathering -- perhaps I didn't explicitly hear you say this, Mr. Trainor -- your client did not accept either of these?

**MR. TRAINOR:**  He did not accept either one.

**THE COURT:**  Okay.

All right.  Mr. Lockley, is that correct?

**DEFENDANT LOCKLEY:**  Yes, ma'am.

**THE COURT:**  Okay.  Thank you.

Ms. Amato.

**MS. AMATO:**  Good morning, Your Honor.  Elita Amato on behalf of Mr. Corloyd Anderson.

Your Honor, the Government and I had been going back and forth in terms of plea offers.

My understanding is that the -- there were two offers that the Government was prepared to seek approval for.

One would have been an 11(c)(1)(C) plea for Mr. Anderson to plead to Counts 1 and Count 24 for an agreed --

well, the offer would have been for an agreed range of 15 years.

So it would have been a closed plea to 15 years or an open-ended plea to Counts 1 and 24, again, in which the parties could argue as they wished.

But the understanding that -- was that Mr. Anderson was an ACC, an armed career criminal. And, therefore, on Count 24, he would have been facing 15 years.

There had been some disputes regarding his criminal history as to whether or not he really was, in fact, an ACC.

But my ultimate determination was that, unfortunately, he is an ACC, and so then we were at the 15 years.

**THE COURT:** Okay. And your client's --

**MS. AMATO:** Yes. My client has declined the plea offers.

The -- I did make counteroffers as well, and I went as low as requesting an 11(c)(1)(C) plea to Count 1 of 7 years.

**THE COURT:** But you did not receive that offer from the Government?

**MS. AMATO:** No. That was something that I went back with to them, but they did not accept that offer.

**THE COURT:** Okay.

Government, want to add anything?

**MS. HOFFMAN:** That's all correct.

I would just add that we did also make a formal offer

- *SEALED* -

12

of 15 years which was rejected.

THE COURT:  "Formal offer" meaning in writing?

MS. HOFFMAN:  Yes.

THE COURT:  Okay.  Which was rejected.  All right.

Mr. Anderson, is that correct?

DEFENDANT ANDERSON:  Yes, ma'am.

THE COURT:  All right.

Okay.  Mr. Hazlehurst, anything you would like to put on the record?

MR. HAZLEHURST:  Good morning, Your Honor. Paul Hazlehurst on behalf of Shakeen Davis, who is seated to my right at the trial table.

Your Honor, there are two offers that were made.  Both were not made by formal plea letter.

The first was made to predecessor counsel, Anthony Martin, on August 9th of 2017, and offered a plea to Counts 1 and 2 of the indictment, dismissing all other counts, including the 924(c).  And the range that was discussed in that offer was 120 months to 235 months.

The second offer was made on January 31st, 2019, in an e-mail to me from Ms. Hoffman.  It was an alternative, either 8 -- a range of 18 to 22 years or a straight -- in other words, I believe a (C) plea, Your Honor, to 20.

And I have discussed both of those offers with Mr. Davis, and Mr. Davis has rejected both of those.

*Douglas J. Zweizig, RDR, CRR - Federal Official Court Reporter*

*- SEALED -*

**THE COURT:** All right. Does the Government want to add anything?

**MS. HOFFMAN:** No. Thank you.

**THE COURT:** Okay. Mr. Davis, is that correct?

**DEFENDANT DAVIS:** Yes, Your Honor.

**THE COURT:** All right. Thank you.

Mr. Davis, on behalf of Mr. Frazier.

**MR. DAVIS:** Yes. Your Honor, Mr. Frazier never had a formal written plea offer.

But two informal offers were discussed with the United States, and I met with Mr. Frazier.

The first informal offer was a 25-year (C) plea, in which case he would have to admit to the murder of Ricardo Johnson and the RICO drug conspiracy. Again, that would be a 25-year (C) plea.

The other informal offer that was discussed was a range of years, 20 on the low end, 30 on the high end. And with that offer, Mr. Frazier would have to admit guilt to the narcotics; but the United States -- he would not have to admit to the murder of Ricardo Johnson, and the United States would argue those facts at sentencing.

Both of those offers were rejected.

Mr. Frazier -- it never went any further than that, and he has a potential life exposure if he's convicted of this crime.